UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD THOMAS GARDIPEE,

        Plaintiff,

v.

                                     Case No. 3:25-cv-697-MMH-LLL

ST. JOHNS COUNTY,

        Defendant.

_____

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

Plaintiff, Richard Thomas Gardipee, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1).[1] He names one Defendant, St. Johns County, alleging that St. Johns County refused to serve Gardipee a vegetarian religious diet from June 5, 2025 to June 13, 2025, while he was incarcerated at the St. Johns County Detention Center. <u>Id.</u> at 1. Gardipee states that the St. Johns County Detention Center has a policy requiring inmates to contact the chaplain through an electronic device to make any religious accommodation request. <u>Id.</u> at 2. According to Gardipee, he made a request for a plant-based diet based on his Christian religion on June 7, 2025. <u>Id.</u> Gardipee states that he received no response until June 13,

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

2025, at which time Deputy Sheriff Johnson asked Gardipee to specify his religious faith and then denied the request after Gardipee answered that he was Christian. Id. Gardipee asserts these actions violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) and requests 14 million dollars in compensatory damages as relief. Id. at 1, 3.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327,

---

[2] Gardipee requests to proceed as a pauper. Doc. 2. The screening process under 28 U.S.C. § 1915(e) applies to all litigants seeking to proceed in forma pauperis. Mehmood v. Guerra, 783 F. App'x 938, 940 (11th Cir. 2019). The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

4

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Gardipee's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc.

5

v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, the only relief Gardipee requests (compensatory damages) is unavailable against the county. Brown v. Tony, No. 0:23-cv-60033-KMM, 2023 WL 7482788, at *4 (S.D. Fla. July 25, 2023), adopted by 2023 WL 6973026 (S.D. Fla. Oct. 23, 2023)[4] ("Plaintiff may obtain only nominal damages, not compensatory or punitive damages, to the extent Plaintiff can assert claims . . . under RLUIPA . . . against the County.") (citing Hathcock v. Cohen, 287 F. App'x 793, 798 n.6 (11th Cir. 2008)); see also Koepke v. Jacksonville Sheriff's Dep't, No. 3:19-cv-924-J-39JBT, 2020 WL 1083712, *2 (M.D. Fla. Mar. 6, 2020) (dismissing RLUIPA claim against county sheriff in his official capacity where plaintiff did not seek nominal damages). Even under a liberal interpretation, Plaintiff's request for relief cannot be construed as one for nominal damages. See, e.g., Honors v. Judd, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287, at *6 (M.D. Fla. Aug. 10, 2011) (finding the plaintiff's request for only punitive and compensatory damages could not be considered a request for nominal damages under the PLRA); Williams v. Langford, No. 2:13-cv-315-FtM-38CM, 2015 WL

---

[4] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

163226, at \*7 (M.D. Fla. Jan. 12, 2015) (citing <u>Carey v. Piphus</u>, 435 U.S. 247, 266-67 (1978)) (finding a request for $250,000 could not be liberally construed as a request for nominal damages, which generally do not exceed one dollar). Additionally, Gardipee does not include a request for "other relief" or similarly inclusive language that could be liberally construed as a request for nominal damages. <u>Cf.</u> <u>Smith v. Barrow</u>, No. CV 311-044, 2012 WL 6519541, at \*5 (S.D. Ga. Nov. 9, 2012), <u>report and recommendation adopted as modified</u>, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012) (liberally construing the complaint to request nominal damages because the plaintiff asked for "such other relief" to which he may be entitled). As Gardipee is not entitled to the only relief he seeks from St. Johns County, this case is due to be dismissed without prejudice to Gardipee's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim against a proper defendant if he elects to do so.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      This case is **DISMISSED without prejudice.**

7

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of February, 2026.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12

C:    Richard Thomas Gardipee